# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

BROUGHTON, DARLENE M. _____, Plaintiff,

v.

MERIT SYSTEM PROTECTION BOARD, OPM ____,

DOL – 14 SEA WORKER'S COMPENSATION ____,

DOL – 12 DEN WORKER'S COMPENSATION ____,

ENVIRONMENTAL PROTECTION AGENCY - HQ ____,

EPA – REGION 8 DENVER, COLORADO 80202 ____,

EPA – REGION 10 SEATTLE, WASHINGTON 98101 ____,

DVA – SEATTLE, WA., VA MEDICAL CENTER ____,

DVA – DENVER, CO., VA MEDICAL CENTER ____, Defendant(s).

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 3 2015

JEFFREY P. COLWELL
CLERK

(List each named defendant on a separate line.)

---

## COMPLAINT

### Involuntary Separation – Clean Air Act Remedies

**A final decision Per Curiam Docket: SF-0752-13-0101-I-1 of a Voluntary Resignation on September 11, 2014 vs. Agency OPM's Legal Administrative Specialist approval of Involuntary Separation on December 16, 2009.**

---

(Rev. 07/06)

**PARTIES**

1. Plaintiff   BROUGHTON, DARLENE M.   is a citizen of   UNITED STATES
   who presently resides at the following address:

       3122 MALLARD DRIVE APT. 101
       COLORADO SPRINGS, CO.  80910
       CELL:  720-339-8287

2. Defendant   US MSPB – OPM   is a citizen of   UNITED STATES
   who live(s) at or is/are located at the following address:

       MERIT SYSTEM PROTECTION BOARD – OPM CASE:  USCA FC 14 - 3063
       1615 M. STREET N.W.,
       WASHINGTON, DC  20419

3. Defendant   DOL – 14 SEA AND DOL – 12 DEN   is a citizen of   UNITED STATES
   who live(s) at or is/are located at the following address:

       DOL DFEC CENTRAL MAILROOM – CLAIM 125067381
       (OPM'S FECA – BLACK LUNG AND EEOICPA PROGRAM 915 PAGE 3)
       P. O. BOX 8300
       LONDON, KY  40742

(Attach a separate page, if necessary, to list additional parties.)

**JURISDICTION**

4. Jurisdiction is asserted pursuant to following statutory authorities:
   TORT:  330 FEDERAL EMPLOYERS' LIABILIABTIY
   LABOR:  710 FAIR LABOR STANDARS ACT AND 790 OTHER LABOR LITIGATIONS
   SSDI:  862 BLACK LUNG (923) OWCP 915 PAGE 3 EEOICPA; OTHER:  893 ENVIRONMENT

5. Briefly state the background of your case:
   For Good Cause, I Darlene M. Broughton (alias – Muttillo) plaintiff, final diagnosis
   **Hypoxic Respiratory Failure** as a filed corrected extraordinary writ which have been FILED in
   this above-entitled cases on behalf of the parties Summons and Waiver forms for the Seattle VA
   or Puget Sound Health Care Systems, Western Regions Department of Veterans Affairs OPM
   Funds Management and Eastern Colorado Department of Veterans Affairs, from the Office of
   Personnel Management supportive of the Table of Authorities for the EPA clean air remedies
   and the Workers Compensation's Act, **Section §97-53. 11** Occupational diseases see 11

(Rev. 07/06)

2

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

1.  Fed 26. Cir. R 28 a. 5. (A) the basis for the district court's or agency's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction; (5) a statement of the issues presented for review;

    For Good Cause withstanding Amicus Curiae to Writ, there was no evidence of efforts: no signature Certificate of Accommodation and Reassignment Efforts was not presented in the lower courts as usual course of judicial proceedings.

2.  **Government Waiver** granted during proceedings in the case **No. 14 – 9004** in the Supreme of the Supreme Courts of the United States, on April 1, 2015. And, this waiver has been presented in this session from the Region VIII Colorado, Office of the Regional Chief Counsel.

    Enclosed:  Continuum – As  Exhibit A 37

(Rev. 07/06)

*Exhibit (37)*

*A    A*

IN THE SUPREME COURT OF THE UNITED STATES

BROUGHTON, DARLENE M.

      Petitioner

      vs.

                                    No:   <u>14-9004</u>

MSPB

## WAIVER

   The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.

                                              DONALD B. VERRILLI, JR.
                                            Solicitor General
                                          <u>Counsel of Record</u>

April 1, 2015

cc:

      DARLENE M. BROUGHTON
      3122 MALLARD DRIVE
      APT.101
      COLORADO SPRINGS, CO 80910

L

Form 26

FORM 26.   Docketing Statement



# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### No. _____

DARLENE M. BROUGHTON
_____

v.

$MSPB$
_____

# DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent   DARLENE M. BROUGHTON
_____

Party is (select one)        ☑ Appellant/Petitioner      ☐ Cross-Appellant
                             ☐ Appellee/Respondent        ☐ Intervenor

Tribunal appealed from and Case No.   Clerk of the Board MSPB  USCA  FC No. 14 -3063
_____

Date of Judgment/Order  September 11, 2014   Type of Case  SF-0752-13-0101-I-1

Relief sought on appeal   Occupational Safety Citations, Backpay Annuities, and Settlements.
_____

Relief awarded below (if damages, specify)  _____
ARTICLE 1. Workers' Compensation Act, Section §97-53. Occupational diseases enumerated; when due to exposure to chemicals. See 11. Compressed-air illness. Pursuant Appeal: form(s) Ca 2a; ◼

Briefly describe the judgment/order appealed from  _____
A final decision Per Curiam Docket: SF-0752-13-0101-I-1 of a Voluntary Resignation on September 11, 2014 Vs. Agency OPM's Legal Administrative Specialist approval of Involuntary Separation on December 16, 2009. The Clerk of the Board, MSPB, Washington, D.C., page 3, sentence, "She argues that she was denied reasonable accommodation, claiming that she asked for a FAN, but that none was brought to her, and that she also suggested "another workspace desk" but that "a new desk◼

XVIII

RECEIVED
MAY 2 1 2015
OFFICE OF THE CLERK
SUPREME COURT, U.S.

153

Form 26

FORM 26.  Docketing Statement (continued)

Nature of judgment (select one)

      ☐ Final Judgment, 28 USC 1295

      ☐ Rule 54(b)

      ☐ Interlocutory Order (specify type) _____

      ☑ Other (explain; *see* Fed. Cir. R. 28(a)(5)) _____
Rehearing No. 14 – 9004 granted Writ of Certiorari for Factual Findings; Written Settlements.

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued _____
Per Curiam Docket:  SF-0752-13-0101-I-1  Administrative Judge Gutman
The Clerk of the Board, MSPB USCA  FC No. 14 -3063  Attorney Calvin M. Morrow
Petition for REHEARING for case  No. 14 – 9004  Motion Recaption Attorney Jessica R. Toplin
_____

Brief statement of the issues to be raised on appeal _____
Civil Penalties Laws for the ADA 1990 have been violated in this case.
Civil Penalties Laws governing the clean air OSHA and Federal and Environmental Safety
and clean air violations in this case.
Reappraisals superimposed willfully Misconducts into this matter from my DVA's employers. ✚

Have there been discussions with other parties relating to settlement of this case?

                                                ☑ Yes     ☐ No

If "yes," when were the last such discussions?

      ☑ Before the case was filed below?

      ☐ During the pendency of the case below?

      ☐ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated?     ☐ Yes  ☑ No

If they were mediated, by whom? _____
Agency's DVA Failure to Negotiate a Counter Offer in the Initial Acknowledgments Orders.

**FORM 26.   Docketing Statement (continued)**

Do you believe that this case may be amenable to mediation?   ☐ Yes   ☑ No

If you answered no, explain why not _____
Agency's DVA willfully Misconducts in this matter resulted in server Injury to a known (ADA) Asthma related employee without any concerns for the care or well being of another human being or coworker. Thus, I was forced out of my work desk.

_____

Provide any other information relevant to the inclusion of this case in the court's mediation program. _____
Compensatory & Punitive Damages are applicable in these citations, along with backpay for annuities involving substantial Injury: An employer who commits a willful violation may be assessed a civil penalty of not more than $70,000 but not less than $5,000 for each violation. For employers with more than 500 employees, the limit is $300,000 for each Incident.

_____

I certify that I filed an original and one copy of this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this 15th_____ day of MAY_____, 2015_____

by: ___US MAIL and Proof of Service Solicitor General 950 Pennsylvania Ave., WA. DC 20530–0001___
(manner of service)

CALVIN M MORROW AND JESSICA R TOPLIN       _____
_____       Signature of Counsel
Name of Counsel

Law Firm _US Merit System Protection Board____

Address _1615 M. Street, N.W._____

City, State, ZIP _WASHINGTON, DC_____

Telephone Number _202-254-4492_____

FAX Number _202653-6203_____

E-mail Address _____

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages.)

3.  Form 12 Fed. Cir. Civil Penalties' Claim; For a Severely Injured ADA Federal
    Employee the Petitioner Darlene M. Broughton  for granting full Redress(es)
    has been filed in this matter before this court.

    Plaintiff, I Darlene M. Broughton respectfully request reconsideration for
    Extraordinary Writ of supporting Medical Proof of an Industry Disability
    Entitlement for Civil Penalties and Retirement Disability Entitlement to
    include Length of Combine Services for Military and Federal Government for
    a Severely Injured known ADA Federal Employee, supported of the EPA –
    CCA remedies for clean air as the authorizes in this case.  Federal Facility
    Compliance Act 1992, EPA (Environmental Protection Act) reqarding GAO/RCED-
    97-42 Hazardous Waste Violations.

4.  CAA sections 113(d), 205(c), 211(d)(1) and 213(d), 42 U.S.C. §§ 7413(d), 7424(c),
    7545(d)(1), and 7547(d).   2 42 U.S.C. § 7413(a).   3 While the OLC decision does not
    expressly address EPA's penalty authority under Section 213(d), EPA believes the same
    analysis applies to that provision.

5.  Enclosed: Stamped Entry Dates: Reconsideration and Review of USCA FC 14 - 3063:
    Initial Decision; **Docket: SF-0752-13-0101-I-1** stamped entry dates during in
    sessions of the Supreme of the Supreme Courts in the United States.

    Enclosed:  Continuum – As  Exhibit A __38___

    Enclosed:  Continuum – As  Exhibit A __39___

    Enclosed:  Continuum – As  Exhibit A __40___

    Enclosed:  Continuum – As  Exhibit A __41___

    Enclosed:  Continuum – As  Exhibit A __42___

    Enclosed:  Continuum – As  Exhibit A __43___

6.  **Written Settlement** to include guides from Remedies for Labor Laws, CCA, and EPA.

    Enclosed:  Continuum – As  Exhibit A __44___

4

(Rev. 07/06)

**THIRD CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

7.   Acquired administration of the FECA, Black Lung and EEOICPA programs with a claim number **125067381**, from the OWCP – 915 page 3.  And, also an extraordinary writ has been presented in this session from the Region VIII Colorado, Office of the Regional Chief Counsel.  Previously:  Continuum – As Exhibit **A 15 – 23.**

Enclosed:  Continuum – As  Exhibit A __45___

Enclosed:  Continuum – As  Exhibit A __46___

(Rev. 07/06)

5

*Exhibit (45)*   125067381

## PRIVACY ACT STATEMENT

The Privacy Act of 1974, as amended (5 U.S.C. 552a) authorizes OWCP to ask you for information needed in the administration of the FECA, Black Lung and EEOICPA programs. Authority to collect information is in 5 USC 8101 et seq., 30 USC 901 et seq., 38 USC 613, 42 USC 7384d, E.O. 9397 and E.O. 13179. The information we obtain with this form is used to identify you and to determine your eligibility for reimbursement. It is also used to decide if the services and supplies you received are covered by these programs and to ensure that proper payment is made. There are no penalties for failure to supply information; however, failure to furnish information regarding the medical service(s) received or the amount charged will prevent payment of the claim. The information may also be given to other providers of services, carriers, intermediaries, medical review boards, health plans, and other organizations or Federal agencies, for the effective administration of Federal provisions that require other third party payers to pay primary to Federal programs, and as otherwise necessary to administer these programs. For example, it may be necessary to disclose information about the benefits you have used to a hospital or doctor. Additional disclosures are made through routine uses for information contained in systems of records. See Department of Labor systems DOL/GOVT-1, DOL/ESA-6 and DOL/ESA-49 published in the Federal Register, Vol. 67, page 16816, Mon. April 8, 2002, or as updated and republished.

## ACCOMMODATION STATEMENT

If you have a substantially limiting physical or mental impairment, Federal disability nondiscrimination law gives you the right to receive help from OWCP in the form of communication assistance, accommodation and modification to aid you in the claims process. For example, we will provide you with copies of documents in alternate formats, communication services such as sign language interpretation, or other kinds of adjustments or changes to account for the limitations of your disability. Please contact our office or your claims examiner to ask about this assistance.

46   1/3

**U.S. Department of Labor**     Employees' Compensation Appeals Board
Washington, D.C. 20210

OCT 2 6 2015

Darlene M. Broughton
3122 Mallard Drive, apt. 101
Colorado Springs, Colorado 80910

Re:  OWCP File #125067381

Dear Ms. Broughton:

This responds to your September 19, 2015 correspondence forwarded to the Employees'
Compensation Appeals Board (the Board) regarding filing an appeal.

Please be aware the Board accepts timely filings of appeals from final decisions issued by
the Office of Workers' Compensation Programs.  A final decision from that office would
have had to been issued within the last 180 days prior to you filing an appeal with the
Board.  The Board has no record of a final decision being issued by OWCP within 180
days prior to the date of your letter to the Board.  The Board is unable to review any
correspondence forwarded by you.  Further inquiries should be directed to the OWCP,
P.O. Box 8300, London, Kentucky 40742.  As a result, we are returning your
correspondence to you.

I trust this information responds to your inquiry.  If you have any further questions or
need additional assistance, please do not hesitate to contact the Board at 200 Constitution
Avenue, NW, Room S-5220, Washington, D.C. 20210.  You may also contact the Board
at (202) 693-6360 or via email at ECAB-inquiries@DOL.GOV.

Sincerely,

THOMAS O. SHEPHERD, JR.
Clerk of the Appellate Boards

TOS/mek
attachments

46 $\frac{2}{3}$

Darlene M. Broughton
3122 Mallard Drive, Apt. 101
Colorado Springs, Colorado 80910
Cell: 720 – 339 – 8287

Department of Labor – OWCP Form 915 (Rev. 12-07)
Claim for Medical Reimbursement
DOL OWCP Central Mail Room
London, KY 40742-8300

To: Branch of Hearing and Review
Office of Workers' Compensation Programs
P. O. Box 37117
Washington, DC  20013-7117

Employees' Compensation Appeals Board
200 Constitution Avenue NW, Room S-5220
Washington, DC  20210

DOL DFEC Central Mailroom
P. O. Box 8300
London, KY  40742

DFEC – ONE DENVER Federal Center
PO Box 25602
Denver, Colorado  80225

**ANSWERS:**

I, Darlene M. Broughton-Muttillo petitioner, and also the post traumatic claimant is this case for the Black Lung and EEOICPA program with claim number 125067381. I am continuously suffering with a Chronic Dyspnea disease as the result of an exposure to a hydrogen substance or chemical substance from the unlawful access or unauthorized access or an abuse of privileged access to decontamination wasted and products used in the hazardous waste process. I am suffering with affects of this Chronic Dyspnea; change in weather, change in temperatures, air conditioner's (artificial air) temperatures, winds, rain with temperature change; and non-ventilated rooms. I have currently four respiratory diseases which are all separate and individual from each other's own characteristics, to include blood oxygen deficiency hypoxia with desaturations at night when asleep. I have been exposed to industrial strength hydrogen or chemical substance or maybe combinations of progressive exposures; or maybe an exposure induced with illegal us of medication (a fallout smell or odor on May 8, 2009) lingering smell.

I, Darlene M. Broughton-Muttillo petitioner, and also the post traumatic claimant is this case have had to informally complain of my work conditions to my immediate service line officer(s); and also to my union representatives; and also to the onsite EEO manager; and also Human Resource representatives, I had exhausted my changes of command to pro-actively find resolutions. And, these efforts have been documented in the courts and clarification dates of each incident have been documented corrected and on file in the courts.

**Initial Incidents:**

1. Hazardous Waste odors in the Petitioner's Work Sheets Consultations for scheduling the pre and post clinics in the Gastroenterology Service line.

46 | 3/3

Darlene M. Broughton              125067381                        page 2.
3122 Mallard Drive, Apt. 101     Claim for Medical Reimbursement
Colorado Springs, Colorado 80910 DOL OWCP Central Mail Room
Cell: 720 – 339 – 8287           London, KY 40742-8300

2. Co- workers in the immediate office area demonstrating their access to the bio-hazardous waste materials and products brought to my work desk.

3. Doctors (interns Dr. Z, he was a student under Dr. Goyal at the GI Lab) also demonstrated their access to bio-hazardous waste materials and products brought to my work desk.  (Approx. 5 to 6 month of hire date).

**Escalations of Incidents From Denver VA to Seattle VA:**

A. March 12, 2009 at the bus-stop immediately after work, I had to take off layers of my clothing's jacket and outer garments of shirts and inner office jacket because I felt like I was suffocating with sever shortness of breath.  The paramedics they gave me a breathing treatment.

B. March 30, 2009 at my work space desk I smelt a chemical odor at my desk while working; I was speaking on the phone to a Veteran regarding scheduling clinic.

C. April 21, 2009 at my work space desk I smelt a chemical odor at my desk, and on my left pants leg, and on my left shoe, I felt woozy, and I walked around the office unit space area, then I independently decision to move to another desk across the aisle (approx. 17 feet), and I finished my work, and then my Supervisor Instructed me to go back to my initially assigned desk, after I explained to her that I felt sick and smelt the chemical odor at my work space desk.

D. May 8, 2009 at my work space area before I could get to my desk, I smelt a fallout smell of a toxic odor, I told Human Resources that I could not work at my desk with the threat of chemical odors at my desk, and went into Disability Retirement.

ATTN: Ms. Barbara M. Ball        VA Puget Sound Health Care System
                                 1660 S. Columbian Way (FCS-005-HRMS)
                                 Seattle, WA   98108 – 1597
                                 206-658-4288  FAX:  206-658-4282

ATTN: Mr. Dennis Walton          DOL OWCP Central Mail Room, 40742-8300


September 16, 2015                          Darlene M. Broughton
_____          _____
        Date                             Darlene M. Broughton

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

8.  TORT:  330 FEDERAL EMPLOYERS' LIABILIABTIY

FROM EACH LIABLE PARTIES: Seattle VA / Puget Sound Health Care Systems, Western Regions Department of Veterans Affairs and OPM Funds Management and Eastern Colorado Department of Veterans Affairs, from the Office of Personnel Management supportive of the Table of Authorities for the EPA clean air remedies and the Workers Compensation's Act, Section §97-53. 11 Occupational diseases see 11. Occupational diseases see 11. Compressed-air illness, also representatives US Department of Labor, DFEC, Denver, Colorado for 14 SEA and 12 DEN; and also to include the **corrected** Length of Service for Entitlements Retirement for Civil/Federal Government and Military services; for the proceedings in this matter before this Court.

9.  REGISTRATION OF JUDGMENTS FOR ENFORCEMENT IN ANOTHER DISTRICT – 28 U.S.C. § 1963.

STATE OF COLORADO
STATE OF WASHINGTON

Date:  December 14, 2015

(Plaintiff's Original Signature)

3122 MALLARD DRIVE APT. 101

(Street Address)

COLORADO SPRINGS, COLORADO 80910

(City, State, ZIP)

720-339-8287

(Telephone Number)

6

(Rev. 07/06)