**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02816-GPG

DARLENE M. BROUGHTON,

     Plaintiff,

v.

MERIT SYSTEM PROTECTION BOARD, OPM,
DOL – 14 SEA WORKER'S COMPENSATION,
DOL – 12 DEN WORKER'S COMPENSATION,
ENVIRONMENTAL PROTECTION AGENCY – HQ,
EPA – REGION 8 DENVER, COLORADO 80202
EPA – REGION 10 SEATTLE, WASHINGTON 98101,
DVA – SEATTLE, WA., VA MEDICAL CENTER, and
DVA – DENVER, CO, VA MEDICAL CENTER,

     Defendants.

---

ORDER TO AMEND

---

On December 23, 2015, Plaintiff Darlene M. Broughton, a resident of Colorado

Springs, Colorado, filed *pro se* a Complaint (ECF No. 1).  She has been granted leave

to proceed *in forma pauperis.* (ECF No. 7).  On December 28, 2015, she also filed a

Letter regarding the Complaint, (ECF No. 4), and, on January 5, 2016, she filed

numerous exhibits. (ECF No. 5).

The Court must construe the submitted documents liberally because Plaintiff is a

*pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a court

should not act as a *pro se* litigant's advocate.  *See id.*  For the reasons stated below,

the Court will order Plaintiff to file an amended complaint if she wishes to pursue her

claims in this action.

## I.   Plaintiff's Allegations

Plaintiff's complaint is not a model of clarity.  Her allegations and claims are difficult if not impossible to understand.  Apparently, she alleges she was exposed to harmful toxins while she was working as a federal employee at the Department of Veteran Affairs first in Seattle, Washington and then in Denver, Colorado.  She states that as a result of exposure to these toxins, she was diagnosed with "Hypoxic Respiratory Failure."  She stopped working because of her illness.

Although not entirely clear, Plaintiff may have previously pursued a claim for disability retirement under the Civil Service Retirement System of the Federal Employees Retirement System and a claim for social security disability.  It also appears she has pursued claims in the United States Court of Appeals for the Federal Circuit and with the EPA.

Plaintiff asserts federal jurisdiction based on: "TORT: 330 Federal employers' Liability;" "LABOR: 710 Fair Labor Standards Act and 790 Other Labor Litigations;" and "SSDI: 862 Black Lung (923) OWCP 015 Page 3 EEOICPA;" and "OTHER: 893 ENVIRONMENT." (ECF No. 1 at 2).

## II.   Rule 8

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN,*

2

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that

allows a court and a defendant to know what claims are being asserted and to be able

to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881,

883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that

is permissible, if the complaint concisely states facts upon which relief can be granted

upon any legally sustainable basis." *Id.*

Based on the Court's review of Ms. Broughton's complaint, the Court finds that

her complaint is unintelligible.  She fails to provide a short and plain statement of her

claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of

Civil Procedure.  Her claims are not presented in a clear and concise format.  She

inserts exhibits in between sections of her complaint, including one exhibit, which is

titled "Docketing Statement" from the United States Court of Appeals for the Federal

Circuit.  Another exhibit, which is inserted within her complaint, is a letter from the Clerk

of Employees' Compensation Appeals Board.  It is unclear how these exhibits relate to

her current claims.  Furthermore, Ms. Broughton lists multiple federal statutes as the

basis for jurisdiction in this Court but she fails to allege specific facts as to how the specific federal laws were violated.

For these reasons, Ms. Broughton must file an amended complaint if she wishes to pursue any claims in this action.  Ms. Broughton must identify, clearly and concisely, the specific claims she is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Ms. Broughton an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Ms. Broughton file, within thirty (30) days from the date of this order, an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that, if Ms. Broughton fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 21, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge