**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02816-GPG

DARLENE M. BROUGHTON,

    Plaintiff,

v.

MERIT SYSTEM PROTECTION BOARD, OPM,
DOL – 14 SEA WORKER'S COMPENSATION,
DOL – 12 DEN WORKER'S COMPENSATION,
ENVIRONMENTAL PROTECTION AGENCY – HQ,
EPA – REGION 8 DENVER, COLORADO 80202
EPA – REGION 10 SEATTLE, WASHINGTON 98101,
DVA – SEATTLE, WA., VA MEDICAL CENTER, and
DVA – DENVER, CO, VA MEDICAL CENTER,

    Defendants.

---

## ORDER OF DISMISSAL
---

On December 23, 2015, Plaintiff Darlene M. Broughton, a resident of Colorado Springs, Colorado, filed *pro se* a Complaint (ECF No. 1). She has been granted leave to proceed *in forma pauperis.* (ECF No. 7). On December 28, 2015, she also filed a Letter regarding the Complaint, (ECF No. 4), and, on January 5, 2016, she filed numerous exhibits. (ECF No. 5).

On January 21, 2016, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and other filings and determined that the complaint was deficient. He directed Plaintiff to file an amended complaint if she wished to pursue her claims in this action. (ECF No. 8). Specifically, he ordered Ms. Broughton to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure. Judge

1

Gallagher also instructed Plaintiff to "identify, clearly and concisely, the specific claims she is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights." (ECF No. at 8 at 4) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

In response, on February 12, 2016, Plaintiff filed an Amended Complaint. (ECF No. 9). Then, on February 16, 2016, Plaintiff filed another Amended Complaint. (ECF No. 10). Accordingly, the Court deems the February 16, 2016 Amended Complaint as the operative complaint.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Amended Complaint and this action will be dismissed.

## I. Plaintiff's Allegations

Plaintiff's Amended Complaint is still difficult to understand. As in her original complaint, she apparently alleges she was exposed to harmful toxins while she was working as a federal employee at the Department of Veteran Affairs first in Seattle, Washington and then in Denver, Colorado. She states that as a result of exposure to these toxins, she was diagnosed with "Hypoxic Respiratory Failure." She stopped working because of her illness.

Plaintiff asserts federal jurisdiction based on: "TORT: 330 Federal employers' Liability;" "LABOR: 710 Fair Labor Standards Act and 790 Other Labor Litigations;"

"SSDI: 862 Black Lung (923) OWCP 915 Page 3 EEOICPA;" and "OTHER: 893 ENVIRONMENT." (ECF No. 10 at ).

## II. Rule 8

As explained in the January 21, 2016 Order to Amend, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that

is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Based on the Court's review of Ms. Broughton's Amended Complaint, the Court finds that her complaint is unintelligible and fails to comply with Rule 8. She fails to provide a short and plain statement of her claims, her claims are not presented in a clear and concise format, and she fails to identify which claims are asserted against which defendants. In fact, she names different Defendants in the "Parties" section than are listed on the caption page, yet many of the Defendants are never mentioned in the text of the complaint. Furthermore, Ms. Broughton fails to adequately assert the basis for jurisdiction in this Court. Her asserted basis of jurisdiction: "TORT: 330 Federal employers' Liability;" "LABOR: 710 Fair Labor Standards Act and 790 Other Labor Litigations;" "SSDI: 862 Black Lung (923) OWCP 015 Page 3 EEOICPA;" and "OTHER: 893 ENVIRONMENT," does not adequately state any federal statute that supports jurisdiction. Finally, she fails to allege specific facts as to how any specific federal law was violated.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). In this case, the Court provided Ms. Broughton an opportunity to cure the deficiencies in her Complaint by submitting an Amended Complaint that complied

with Fed. R. Civ. P. 8, but she has failed to do so. Therefore, the Amended Complaint and this action will be dismissed.

Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 10) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Broughton has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this 25th day of February, 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court